EXHIBIT "A"

12:52 pm
2/24/14

| | SUM-100 |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Equifax Information Services, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Vivianne Hortizuela Barbero

2014 FEB 18 ☐ 3:02

J. CAO-NGUYEN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of Santa Clara County, 191 N. First Street, San Jose, CA 95113

CASE NUMBER: **114CV260766**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ben E. Dupre, Esq., 2005 De La Cruz Blvd., Suite 203, Santa Clara, CA 95050, Tel: 408-727-5377

DATE: FEB 1 8 2014     DAVID H. YAMASAKI     Clerk, by J. CAO-NGUYEN     , Deputy
*(Fecha)*                Chief Executive Officer, Clerk     *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Equifax Information Services, LLC

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **114CV260766**

> **PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons and Complaint*.
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:** If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **William Elfving**       Department: **3**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: **JUN 2 4 2014**    Time: **2:15pm**   in Department: **3**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____   Time: _____   in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation.

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute, the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

CV-5003 REV 6/26/13    ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-3784

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ben E. Dupre, Esq.<br>Bar No. 231191<br>2005 De La Cruz Blvd., Suite 203<br>Santa Clara, CA 95050<br>TELEPHONE NO: 408-727-5377    FAX NO: 408-727-5310<br>ATTORNEY FOR (Name): Vivianne Hortizuela Barbero | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Santa Clara | 14 FEB 18  P 3: 05<br>J. CAO-NGUYEN |
| CASE NAME:<br>Vivianne Hortizuela Barbero v. Equifax Information Services, LLC | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 114CV260766<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation**
   **(Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☑ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 15 U.S.C. 1681, violations of the FCRA
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/18/14

Ben Dupre
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@post.harvard.edu

Counsel for the Plaintiff, Vivianne H. Barbero

FEB 18 P 3:04

J. CAO-NGUYEN

## SUPERIOR COURT OF SANTA CLARA COUNTY

### (UNLIMITED DIVISION)

| | |
|---|---|
| VIVIANNE H. BARBERO, | Case No.: |
| Plaintiff, | **114CV260766** |
| v. | DEMAND FOR JURY TRIAL |
| EQUIFAX INFORMATION SERVICES, LLC. | |
| Defendants. | |

### I. INTRODUCTION

1. In 2009, as a last resort, Mrs. Barbero and her husband filed for bankruptcy protection. With small children to support and desperately trying to save their home, they were out of options. Throughout the years following their bankruptcy filing, they made all their monthly Chapter 13 plan payments. They were so happy and proud after they completed their bankruptcy. They felt they finally had a new start. Yet, despite knowing about Mrs. Barbero's bankruptcy, former creditor's Safe America and Wilshire Credit Corp are

COMPLAINT

1

falsely reporting on Mrs. Barbero's credit report that she still owes hundreds of thousands of dollars (over $200,000[1]). Mrs. Barbero disputed this directly to Equifax with detailed supporting information and documentation. Yet despite this, Equifax failed to perform a proper reinvestigation, an obligation set forth under the Federal Fair Credit Reporting Act. And instead, used a defective, automated system (with little to no human involvement) that failed to properly respond to Ms. Barbero's dispute. As a result, the false and incomplete information from Safe America and Wilshire still remains.

2. As a result of Equifax's unlawful acts and omissions, Mrs. Barbero has suffered emotional distress, including nervousness, stress, embarrassment, humiliation, loss of enjoyment in life, anger, fear, frustration, anxiety, among other negative emotions.

3. According to the most recent FTC Study conducted in December 2012[2], one in five consumers had an error on at least one of their three credit reports.

4. As the 9th Circuit has stated, "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them." *Guimond v. Trans Union Credit Information Co.* (1995) 45 F.3d 1329.

According to the FCRA, 15 U.S.C. 1681:

> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

5. Equifax's conduct is part of a business plan and practice of unlawful credit reporting abuse warranting punitive damages. Equifax has a history, business plan or practice of unlawful credit reporting practices similar herein, including but not limited to: *Miller v.*

---

[1] Former Creditor Safe America and Wilshire Credit Corp. are falsely reporting that Mrs. Barbero owes over $7,000 and $198,000 (respectively).

[2] FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003

COMPLAINT

*Equifax*, 3:11-cv-01231 BR (D.OR 2011); *Drew v. Equifax Information Services, LLC, et al.*, case #3:07-cv-00726-SI (N.D. Cal. 2007) ($1,021,326.60 verdict); *Nelson v. Equifax Information Services, LLC, Et al.*, case no. cv06-1568-RGK (Plax) (C.D. CA 2006); *Kirpatrick v. Equifax Credit Information Services*, Case No. CV02-1197-MO (D.OR 2002)($210,000 verdict).

## II. JURISDICTION AND VENUE

6. Defendants are authorized to do business and do business in California.

7. Jurisdiction of this Court arises under California Civil Code of Procedure sections 395 and 395.5.

8. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, Vivienne Barbero ("Mrs. Barbero"), is a natural person residing in San Jose, California. Mrs. Barbero is a "person" as defined by 15 U.S.C. section 1681a(b), and a consumer as defined by 15 U.S.C section 1681a(c).

10. Defendant, Equifax ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia, which was at all relevant times doing business in Santa Clara County. Equifax is a consumer reporting agency, as that term is defined under Title 15 U.S.C. 1681a(f).

11. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mrs. Barbero, and who there are sued by such fictitious names

12. Mrs. Barbero is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is

COMPLAINT

3

responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mrs. Barbero. Mrs. Barbero will seek leave of court to amend her complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13. Mrs. Barbero alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

14. Defendants authorized, approved, and/or ratified the acts herein.

15. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mrs. Barbero to refer to all the defendants above.

## IV.  FACTS

### Mrs. Barbero Files for Chapter 13 Bankruptcy Protection

16. On March 2009, Mrs. Barbero sought protection from her creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, case number 09-52204.

17. On May 11, 2009, the meeting of creditors (section 341(a)) was held in San Jose, California.

### Equifax Became Aware of Mrs. Barbero's Bankruptcy

18. Equifax was notified of the meeting of creditors (section 341(a)) from the Bankruptcy Noticing Center on or about March or April 2009.

19. In 2009, Equifax was aware that Mrs. Barbero had filed chapter 13 bankruptcy.

### Equifax Became Aware that that Mrs. Barbero Obtained a Discharge

20. On or about August 15, 2012, Mrs. Barbero completed her Chapter 13 plan payments and

COMPLAINT

4

the Trustee administering the bankruptcy issued a Notice of Bankruptcy Completion.

21. On or about August 15, 2012, in successfully concluding the bankruptcy, the bankruptcy court issued a Discharge Order, pursuant to 11 U.S.C. section 1328(a).

22. The discharge order discharged the debts (incurred as of the date of the filing of the petition), including the account discussed herein.

23. SafeAmerica and Wilshire were noticed by electronic transmission of Mrs. Barbero's discharge on or about August or September 2012.

24. In 2012, Equifax became aware of Ms. Barbero's discharge order from the bankruptcy court.

### SafeAmerica, Wilshire, & Equifax Falsely Report Mrs. Barbero Owes Hundreds of Thousands of Dollars

25. In September 2012, in order to verify accurate reporting, Mrs. Barbero obtained her consumer report ("credit report"), as that term is defined under Title 15 U.S.C. 1681a(d).

26. The Equifax credit report dated September 2012 reflected that SafeAmerica and Wilshire accounts were falsely showing that Mrs. Barbero had a balance of $7,170 to SafeAmerica and $198,138 to Wilshire.

27. Equifax did not list that the Wilshire account was included in the Chapter 13 bankruptcy, nor did it indicate that the account was discharged per the Chapter 13 bankruptcy.

28. Equifax did not list that the SafeAmerica account was included in the Chapter 13 bankruptcy, nor did it indicate that the account was discharged per the Chapter 13 bankruptcy.

### Equifax Ignores Mrs. Barbero and Continues to Falsely Report

29. In response, on or about February 18, 2013, Mrs. Barbero sent to Equifax a letter disputing the inaccurate reporting.

30. Mrs. Barbero's dispute letter requested the inaccuracies be fixed.

COMPLAINT

31. Equifax received Ms. Barbero's February 2013 dispute letter.

32. Upon receipt of Ms. Barbero's February 2013 dispute letter, Equifax had a statutory duty to conduct a reinvestigation pursuant to 15 U.S.C. 1681(a)(1)(A).

33. Despite Equifax's statutory duty to conduct a reinvestigation, Equifax did not reinvestigate any of Mrs. Barbero's disputes.

34. Equifax did not modify, remove, or permanently block any of the disputed items identified in Mrs. Barbero's dispute letter.

35. In response to Mrs. Barbero's February 2013 dispute letter, Equifax responded and stated Mrs. Barbero needed to be more specific with her concerns by listing account names, numbers, and the nature of the dispute.

36. Contrary to Equifax's statements (as mentioned in paragraph #35) in its letter to Mrs. Barbero dated February 26, 2013, Ms. Barbero was very specific with her concerns. She listed each of the disputed account names. She did identify the nature of the dispute. Indeed, Mrs. Barbero provided Equifax with significant supporting documentation (also identified in her dispute letter) to assist Equifax in simply fixing the inaccurate and incomplete reporting.

37. Equifax acted recklessly and with indifference in response to Mrs. Barbero's February 2013 letter disputing false and incomplete information on her credit report.

38. To date, Equifax refuses to correct Mrs. Barbero's credit report.

## V. FIRST CLAIM – FCRA
15 U.S.C. 1681i(a)(1)(A), i(a)(2)(A), i(a)(4), e(b)

39. Mrs. Barbero incorporates by reference the above paragraphs as though fully stated herein below.

1681i Violations

40. Mrs. Barbero promptly disputed to Equifax regarding the inaccurate reporting of Safe America and Wilshire with her February 2013 dispute letter.

COMPLAINT

6

41. Upon receipt of Mrs. Barbero's February 2013 dispute letter, Equifax had a duty to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

42. Equifax's acts and omissions violated section 1681i including, but not limited to, the below:

   a. Equifax failed to conduct a reasonable reinvestigation in response to Mrs. Barbero's dispute, per section 1681i(a)(1)(A).

   b. Equifax failed to notify the furnishers of the information being disputed by Mrs. Barbero, per section 1681i(a)(2)(A).

   c. Equifax failed to review and consider all relevant information submitted by Mrs. Barbero with respect to her dispute, per section 1681i(a)(4).

## 1681e(b)

43. Equifax's acts and omissions violated section 1681e(b), in that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mrs. Barbero when it prepared a credit report of Mrs. Barbero, as well as the response it provided to Mrs. Barbero following her dispute letter.

44. Equifax's failure to correct the previously disclosed inaccuracies on Mrs. Barbero's credit report was intentional and in reckless disregard of its duties to ensure maximum possible accuracy in preparing a credit report, in conducting a reasonable reinvestigation, in reviewing and considering all relevant information submitted by the consumer, in notifying the furnisher of the disputed information, and notifying the consumer of the results of that investigation.

45. Equifax knowingly and intentionally failed to correct the erroneous credit information in direct violation of the Fair Credit Reporting Act.

46. Equifax willfully and negligently failed to comply with its duty to ensure maximum possible accuracy and in its duty to reinvestigate, notify furnishers of the disputed

COMPLAINT

7

information, and consider all relevant information regarding Mrs. Barbero's dispute.

47. As a direct and proximate result of Equifax's unlawful conduct, Mrs. Barbero has suffered damages in an amount to be determined at trial.

48. Equifax acted with oppression, and/or malice, thereby entitling Mrs. Barbero to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mrs. Barbero.

## VI. PRAYER FOR RELIEF

WHEREFORE, Mrs. Barbero, respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. 1681n; o

B. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. 1681n;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1681n and o;

D. Actual damages against Defendants;

E. For injunctive relief;

F. For such other and further relief as may be just and proper.

Respectfully submitted,

_____     2/18/14
Ben Dupre, Counsel for Mrs. Barbero        Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mrs. Barbero demands trial by jury in her action.

_____     2/18/14
Ben Dupre, Counsel for Mrs. Barbero        Date

COMPLAINT